IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD A. ETHIER, et al.           *
        Plaintiffs,
   5.                                    *   CIVIL ACTION NO. RWT-07-307

STATE OF MARYLAND              *
        Defendant.
                                       ***

**MEMORANDUM OPINION**

This fee-paid "Petition for Immediate Relief" was filed by Bernard A. Ethier, a resident of Takoma Park, Maryland, on February 2, 2007.[1] Because this Court finds no basis to take jurisdiction over the matter, the Complaint shall be summarily dismissed pursuant to Fed. R. Civ. 12(h)(3). The following procedural history is culled from the materials.

On December 11, 2006, a Judgment of Limited Divorce was entered as to Plaintiff and Johanna A. Ethier in the Circuit Court for Garrett County, Maryland. Plaintiff was ordered to pay temporary alimony, along with suit costs and attorney fees.[2] (*See* Paper No. 1, Attachments). On January 18, 2007, Circuit Court Judge James L. Sherbin issued an order directing Plaintiff to show cause on or before February 21, 2007, why he should not be held in contempt for the failure to obey the December 11, 2006 judgment of the Circuit Court. *See id.* The matter is currently set in for a hearing on March 12, 2007. *See id.*

Plaintiff filed this action seeking to invoke the Court's 28 U.S.C. § 1331 federal question jurisdiction. *See* Paper No. 1, Compl. He seemingly alleges that the Court of Special Appeals of Maryland entered a decision "that was made quickly and....deprived and will continue to deprive this

---

   [1]    For unexplained reasons, Plaintiff Ethier also lists the United States and the U.S. Department of Justice as party Plaintiffs.

   [2]    Plaintiff has apparently appealed that determination. Johanna Ethier's motion for dismissal of appeal was denied on December 22, 2006, by the Court of Special Appeals of Maryland. (Paper No. 1).

Plaintiff of USA Constitutional rights[.]" *See id.* He alleges that while his appeal remains pending, the Court of Special Appeals has "allowed corruption to enter the court," has "obstructed" his case numerous times, and through the Circuit Court for Garrett County, has imposed a severe judgment without proper cause that will present an extreme hardship on him and his seven children. *See id.* He asks that the Court reverse the judgment of limited divorce. *See id.*

As currently pleaded, Plaintiff seeks appellate review in this Court of the orders and judgments of the state circuit and appellate courts pertaining to a divorce matter. He appears to contend that those orders and/or judgments were entered hastily and with extrajudicial considerations. This is a court of limited jurisdiction. It lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[3]  *See* 28 U.S.C. § 1257.[4] Accordingly, the Complaint shall be dismissed by separate Order.

Date: 2/7/07 _____      _____/s/_____
                                                                    ROGER W. TITUS
                                                                    UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) held that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[4] Regardless of how Plaintiff characterizes the instant complaint, the gravamen of his allegations concern matters related to divorce and alimony. In essence, Plaintiff seeks review and vacatur of state court proceedings regarding domestic relations, which provides no basis for federal jurisdiction. An award of the relief sought by Plaintiff would contravene the interests safeguarded by the domestic relations exception to federal jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992).